IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| Heritage Homes, LLC, | ) | |
|---|---|---|
| | ) | **ORDER GRANTING IN PART AND** |
| | ) | **DENYING IN PART DEFENDANTS'** |
| Plaintiff, | ) | **MOTION TO DISMISS** |
| | ) | |
| vs. | ) | Case No.: 3:18-cv-271 |
| | ) | |
| Benjamin Custom Homes, LLC, a/k/a | ) | |
| Benjamin Anderson Custom Homes, LLC, | ) | |
| and Benjamin R. Anderson, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Defendants' "Motion to Dismiss for Failure to State a Claim" filed on March 28, 2019. Doc. No. 16. The Defendants seek to dismiss the Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On April 18, 2019, the Plaintiff filed a response in opposition. Doc. No. 18. On May 2, 2019, the Defendants filed a reply brief. Doc. No. 19. For the reasons set forth below, the Court grants in part the Defendants' motion to dismiss the Plaintiff's claims for statutory damages and attorney's fees under 17 U.S.C. § 505, as incorporated by 17 U.S.C. § 412, but denies the Defendants' motion to dismiss the Plaintiff's remaining claims.

I.  **BACKGROUND**

The factual background, which the Court must accept as true for purposes of this motion, is taken from the Plaintiff's First Amended Complaint.[1] Doc. No. 15.

This case arises out of a copyright dispute between the Plaintiff and the Defendants. Plaintiff Heritage Homes, LLC ("Heritage") is a residential home builder and designer in Fargo, North Dakota.

---

[1] Heritage initiated this action by filing a complaint against the Defendants on December 31, 2018. Doc. No. 1. The Defendants then moved to dismiss the complaint on February 21, 2019. Doc. No. 12. In response, Heritage filed its First Amended Complaint. Doc. No. 15.

Doc. No. 15, p.1. Heritage is in the business of creating, publishing, developing, constructing, building, and selling architectural works and residential houses. Defendant Benjamin Custom Homes, LLC, and its member and owner Benjamin R. Anderson (together, the "Defendants"), is also a Fargo, North Dakota residential home builder and designer.

In or around April 2009, Heritage entered into a "works made for hire" contract with Design Basics, LLC ("DB"), where DB agreed to create several architectural works for the Plaintiff. Id., p.3. Heritage and DB agreed that all architectural works created, prepared, or made by DB would be the property of Heritage and that Heritage would retain all right, title, and interest to the architectural works and all derivative works created therein, including all copyrights. Id. As a part of the "work made for hire" agreement, DB created for Heritage the architectural work entitled the Georgetown (the "Georgetown"). Id. In designing the Georgetown for Heritage, DB drew inspiration from an original copyright-protected architectural work entitled Moss Bluff ("Moss Bluff"), which was created and owned by DB. Id., n2.

Heritage is the sole owner of all right, title, and interest to the Georgetown and owns the Deposit Materials and Certificate of Copyright Registration issued by the United States Copyright Office for the Georgetown. Id., p.3; Doc. No. 15-2. Heritage also created a derivative work of the Georgetown, entitled the "Georgetown 3 – Garage Left" (the "Georgetown 3"), and Heritage owns the Deposit Materials and Certificate of Copyright Registration issued by the United States Copyright Office for the Georgetown 3. Id., pp.3-4; Doc. No. 15-3.

In the First Amended Complaint, Heritage alleges the Defendants unlawfully infringed on Heritage's copyright-protected Georgetown 3, in violation of 17 U.S.C. §§ 106(2) and 501, after discovering the Defendants had access to the Georgetown and Georgetown 3 home designs from one of Heritage's former clients. Doc. No. 15. After Heritage's former client terminated a new

construction agreement with Heritage, that same former client worked with the Defendants to build a custom home, which Heritage alleges is substantially similar to the Georgetown 3. Id. Heritage further alleges that Defendants copied the Georgetown 3 design and used the infringing plans to design and build a custom home for Heritage's former client. Id. Heritage attached the allegedly infringing plans to the First Amended Complaint. Doc. No. 15-8. Additionally, Heritage alleges the Defendants unlawfully copied and infringed on the Georgetown 3 by using the copied plans to design and build another similar home in West Fargo, North Dakota. Doc. No. 15, p.8; Doc. No. 15-9. Heritage seeks statutory damages and attorney's fees under 17 U.S.C. § 505, as incorporated by 17 U.S.C. § 412, as well as statutory damages under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202, et seq. Doc. No. 15, p.15.

## II. STANDARD OF REVIEW

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In turn, Federal Rule 12(b)(6) mandates the dismissal of a claim if the complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

On a Rule 12(b)(6) motion to dismiss, the question is not whether the plaintiff will ultimately prevail, but whether the complaint is "sufficient to cross the federal court's threshold." Skinner v. Switzer, 562 U.S. 521, 530 (2011). While Twombly's plausibility standard is not a "probability

requirement," "it asks for more than a sheer possibility that the defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556); see also Wilson v. Ark. Dept. of Human Servs., 850 F.3d 368, 371 (8th Cir. 2017). A court must "review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation." Whitney v. Guys, Inc., 700 F.3d 1118, 1128 (8th Cir. 2012) (citation and internal quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679; see also In re SuperValu, Inc., 925 F.3d 955, 962 (8th Cir. 2019).

### III. LEGAL DISCUSSION

The Defendants make two primary arguments in their motion to dismiss. First, the Defendants argue the First Amended Complaint fails to state viable claims for copyright infringement because the Georgetown 3 is a derivative work, which is entitled to limited copyright infringement protection, and that Heritage has failed to identify any original, protectable elements of the Georgetown and Georgetown 3. The Defendants further argue that Heritage's Georgetown architectural work is also not original, stating the Georgetown, which is the architectural work from which the Georgetown 3 is derived, is itself a derivative work of DB's copyright-protected Moss Bluff architectural work. Second, the Defendants contend Heritage's demand for statutory damages and attorney's fees under 17 U.S.C. §§ 412, 504, and 505 should be dismissed with prejudice because Heritage is precluded from recovering such damages under the Copyright Act.

#### A. Failure to State a Claim

The Copyright Act defines infringement as a violation of "the exclusive rights of the copyright owner." 17 U.S.C. § 501(a). To plead a claim of copyright infringement, the plaintiff must allege: (1) it owns a valid copyright, and (2) that the defendant copied original elements of the copyright-

4

protected work. Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). As to the first element, a certificate of copyright is "prima facie evidence" of its validity and gives rise to the presupposition that the work contains a degree of originality. 17 U.S.C. § 410(c); Feist., 499 U.S. at 346. As to the second element, copying is generally established by either (1) direct evidence, or (2) by showing the defendants had access to the copyrighted materials and showing that substantial similarity existed between the alleged infringing materials and the copyrighted materials. Rottlund Co. v. Pinnacle Corp., 452 F.3d 726, 731 (8th Cir. 2006).

For the purposes of deciding this motion, the Court accepts as true Heritage's allegations that it owns valid copyrights in the Georgetown and the Georgetown 3. Heritage attached to the First Amended Complaint its Certificates of Copyright Registration for the Georgetown and Georgetown 3. Doc. Nos. 15-2 and 15-3. This is prima facie evidence of ownership, and at this stage of the litigation, Heritage is entitled to the rebuttable presumption that the works contain a degree of originality. See Taylor Corp. v. Four Seasons Greetings, LLC, 315 F.3d 1039, 1042 (8th Cir. 2003).

However, the Defendants argue that Heritage has failed to properly plead the second element of the infringement claim by failing to identify the protectable, original elements of the Georgetown 3. The Defendants largely hinge their argument on the position that the Georgetown 3 is a derivative architectural work of the Georgetown, and that the Georgetown is, in turn, a derivative architectural work of the Moss Bluff. According to the Defendants, this means Heritage cannot identify any original, protectable elements of the Georgetown 3.

The sole question before the Court on this motion is whether Heritage has sufficiently pled a plausible copyright infringement claim in its First Amended Complaint. Whether the Georgetown work is, in reality, a "derivative" work of DB's Moss Bluff architectural work, as that term is defined under the Copyright Act, would require the Court delve into the merits of the Heritage's claims. It

would require the Court to decide, without further facts and discovery, what elements, if any, are the original, protectable elements of the Moss Bluff, the Georgetown, and the Georgetown 3. It would be premature and inappropriate for the Court to decide that issue of fact at this stage of the litigation, as the pleadings need not contain the evidence necessary to prove each element of Heritage's copyright infringement claims. Indeed, it need only contain enough facts to suggest the claims are plausible. Here, the Court finds this standard has been met.

The First Amended Complaint alleges Defendants copied the Georgetown 3. Heritage alleges that its former client had direct access to the Georgetown and Georgetown 3 work. After terminating a contract with Heritage, the same former client took the Georgetown 3 work directly to the Defendants to design and build the same, or a substantially similar, custom home. Heritage also identifies which elements it believes are the protected original elements of the Georgetown 3. Given the allegations, it is certainly plausible that Defendants had access to the copyrighted work and that the Defendants copied the copyrighted work. At this stage, the Court only need ask if it is plausible the events alleged in the First Amended Complaint could have happened, not whether they did happen. See Warren Sign Co., Inc. v. Piros Signs, Inc., 4:15-cv-00169, 2010 WL 3034637 at *1 (E.D. Mo. August 3, 2010).

Moreover, accepting Heritage's allegations as true, the Court finds it plausible that Heritage's Georgetown 3 architectural work contains some measure of originality that is protectable, and that the Defendants' construction and sale of a similar home impermissibly copied those original elements. Heritage identified the particular plan (i.e., the Georgetown 3) it believes was copied to build the infringing homes. Heritage also identified the particular homes that it believes infringe on the Georgetown 3. Whether Heritage will ultimately be able to establish that the Georgetown and Georgetown 3 contain sufficient originality to be protectable, and that the Defendants unlawfully

copied those original elements, is question of fact and is not the appropriate question to ask at the motion to dismiss stage. The First Amended Complaint contains enough fact to raise a reasonable expectation that discovery will reveal evidence to support liability for the wrongdoing alleged." Twombly, 550 U.S. at 556.

B.    **Statutory Damages and Fees**

The Defendants next contend that Heritage's demand for statutory damages and attorney's fees under Sections 412 and 505 of the Copyright Act should be dismissed with prejudice because Heritage is precluded from recovering such damages.

Section 412 of the Copyright Act states, in part:

> In any action under this title, other than an action brought for a violation of the rights of the author under section 106A(a), an action for infringement of the copyright of a work that has been preregistered under section 408(f) before the commencement of the infringement and that has an effective date of registration not later than the earlier of 3 months after the first publication of the work or 1 month after the copyright owner has learned of the infringement, or an action instituted under section 411(c), no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for:
>
> . . .
>
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412.

Heritage acknowledges and concedes in its briefing that its claims for statutory damages and attorney's fees under Section 505, as incorporated by Section 412, may be dismissed. Doc. No. 18, p.10. As well summarized in Feldhacker v. Giovanti Homes, 173 F. Supp. 3d 828 (S.D. Iowa 2016), courts in the Eighth Circuit have dismissed claims for statutory damages and attorney's fees under Section 412 where the alleged infringement commenced before, and continued after, the copyright

registration. Id. at 834. Here, the allegedly infringing documents, as attached to the First Amended Complaint, are dated October 1, 2015 and October 16, 2015, respectively. Doc. Nos. 15-8 and 15-9. The registration dates, as attached to the First Amended Complaint, for the respective copyright registrations are March 28, 2016 and June 14, 2017. Thus, as in Feldhacker, the First Amended Complaint concedes any alleged infringement occurred before the copyright registration dates. As such, and consistent with the parties' agreement in their briefing, Heritage's claim for statutory damages and attorney's fees under Section 505, as incorporated by Section 412 does not state a plausible claim for relief and is dismissed with prejudice.

Notably, however, Heritage does not exclusively claim damages for its copyright infringement claims under Section 505. Heritage also claims statutory damages under the DMCA, which the Defendants do not dispute in this motion. As a result, Heritage's claim for damages under the DMCA will not be dismissed at this time.

## IV. CONCLUSION

The Court has carefully reviewed the entire record, the parties' filings, and the relevant law. For the reasons set forth above, the Defendants' motion to dismiss (Doc. No. 16) is **DENIED** in part and **GRANTED** in part. The Plaintiff's claim for statutory damages and attorney's fees under Section 505 is **DISMISSED** with prejudice.

**IT IS SO ORDERED**.

Dated this 7th day of October, 2019.

*/s/ Peter D. Welte*
Peter D. Welte, District Judge
United States District Court
